## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY** | * * | **CIVIL ACTION NO:** |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE:** |
| **ROYAL WHITE CEMENT, INC.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes Petitioner, Liberty Mutual Insurance Company, which respectfully files this Complaint against Royal White Cement, Inc. as follows:

## THE PARTIES

1.

Liberty Mutual Insurance Company ("Liberty") is a Massachusetts corporation headquartered in Boston, Massachusetts.

2.

Royal White Cement, Inc. ("RWC") is an Illinois corporation headquartered in Houston, Texas.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1332 because there is complete diversity of citizenship between the Liberty and RWC, and the amount in controversy exceeds $75,000. Diversity of citizenship exists because Liberty is a Massachusetts corporation

headquartered in Boston, Massachusetts, and RWC is an Illinois corporation headquartered in Houston, Texas.

4.

Pursuant to 28 U.S.C § 1391, venue properly lies in this Judicial District because a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

5.

This Court has authority to hear causes of action seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

## FACTUAL BACKGROUND

6.

Liberty issued to RWC a Marine Cargo Policy no. HOOMC10959305, effective February 7, 2022, to February 7, 2023, hereinafter referred to as "Policy" (attached as Exhibit A).

7.

The Policy's coverage is subject to terms, conditions, and warranties. One such condition found at Section 1 Clause 52 entitled "Demurrage" reads in full as follows:

### 52. DEMURRAGE

This policy shall cover demurrage charges and/or late penalties assessed against and paid by The Insured for late return of containers when said containers are retained by The Insured at the instruction of The Company for inspection by The Company's surveyor in investigation of loss or damage recoverable under this policy.

The time period for which The Company shall be liable for said charges and/or penalties shall begin at the time The Company's instructs The Insured to retain the containers for inspection and end at the time The Company's surveyor instructs The Insured to return the containers.

Accordingly, the Policy limits its demurrage coverage to containers and only for the time specified in the Policy.

8.

Upon information and belief, on or about June 21, 2022, a total of 44,128 bags of grey Portland cement were loaded onboard the bulk carrier M/V WECO HOLLI in Port Said, Egypt, in holds 1, 2, 3, 4, and 5, of which 30,119 bags were to be delivered to New Orleans, Louisiana and 14,009 bags were to be delivered to Houston, Texas. The M/V WECO HOLLI was voyage chartered to RWC.

9.

Upon information and belief, the bags of cement were stowed level across the five cargo holds of the M/V WECO HOLLI.

10.

The bags of cement were not shipped in containers aboard the M/V WECO HOLLI.

11.

Upon information and belief, on or about July 14, 2022, M/V WECO HOLLI arrived in New Orleans, Louisiana, and stevedores subsequently unloaded a total of 30,119 bags of cement located directly beneath the hatch square only in each of the five holds, rather than unloading the bags along the entire hold so as to keep the remaining stacks of bags uniform and level.

12.

Upon information and belief, the unloading method used by the stevedores left bags stacked along the sides of the holds, with a depression in the center of the holds. This resulted in the bags that remained in the holds being unsupported.

13.

Upon information and belief, on or about July 22, 2022, the stevedores completed the unloading, and the vessel proceeded on its route, arriving at Peninsula Terminal in Houston, Texas, on July 26, 2022.

14.

Upon information and belief, upon arrival in Houston, it was discovered that the bags of cement shifted, fell, and/or collapsed, and suffered extensive damage during the voyage between New Orleans and Houston, causing cement to spill from the bags into the cargo holds.

15.

Upon information and belief, as a result the spilled cement in the cargo holds, the delays in discharging, clean-up, and subsequent discharge operations resulted in over $75,000 of demurrage charges against RWC.

16.

The demurrage charges against RWC were caused, in whole or in part, by the actions and non-actions in New Orleans, Louisiana by the stevedores or some other party or parties for which Liberty is not responsible.

## CAUSE OF ACTION

### Declaratory Judgment

17.

28 U.S.C. § 2201(a) provides in part that "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

18.

As the bags of cement were shipped in bulk rather than containers, and the demurrage charges were not for delay in returning containers to their owner, the Policy does not provide coverage for demurrage.

19.

In light of the foregoing, Liberty prays for a declaration that the Policy does not provide coverage for demurrage charges assessed against RWC as a result of the delays caused by the bags of cement shipped in bulk and that no amounts are owed by Liberty to RWC for demurrage pursuant to the terms and conditions of the Policy.

## **PRAYER FOR RELIEF**

WHEREFORE, Liberty Mutual Insurance Company prays for a Judgment:

a. declaring Liberty Mutual Insurance Company's Marine Cargo Policy no. HOOMC10959305 does not provide coverage for demurrage charges assessed against Royal White Cement, Inc. as a result of the delays caused by the bags of cement shipped in bulk;

b. declaring no amounts are owed by Liberty Mutual Insurance Company to Royal White Cement, Inc. for demurrage pursuant to the terms and conditions of Marine Cargo Policy no. HOOMC10959305;

c. awarding costs and expenses in this litigation; and

d. such other relief as this Court deems just and proper.

Respectfully submitted:

MAHTOOK & LAFLEUR, LLC

*[signature]*

ROBERT A. MAHTOOK, JR., #17034
KAY A. THEUNISSEN #17448
KALISTE JOSEPH SALOOM IV, #35996
600 Jefferson Street, Suite 1000 (70501)
Post Office Box 3089
Lafayette, Louisiana 70502-3089
TEL:  (337) 266-2189
FAX:  (337) 266-2303
EMAIL:  rmahtook@mandllaw.com
EMAIL:  ktheunissen@mandllaw.com
EMAIL:  jsaloom@mandllaw.com

*Counsel for Liberty Mutual Insurance Company*